OPINION OF THE COURT
Michael S. Alongé, J.
This novel case involves the attempt by two former members of a golf club to recover a portion of the club’s initiation fee. The defendant has moved to dismiss under CPLR 3211 (a) (3), statute of limitations, and CPLR 3211 (a) (2), claiming this Court lacks subject matter jurisdiction.
*707 Plaintiff Edward R. Young is asking for a judgment for $15,000 and $5,000, which he states is “a portion of funds paid by the plaintiff * * * referred to as a ‘bond’ ” which he alleges was refundable on resignation from the defendant’s club. Plaintiff Dr. Louis J. Weinstein is asking for a judgment for $15,000 in partial return of his initiation fee and $2,500 as part of the “bond.”
This motion to dismiss was brought by the defendant on the grounds that the District Court does not have subject matter jurisdiction over the action since the amounts asked for exceed the jurisdictional limits, or in the alternative, that the applicable statute of limitations has expired. Of these two contentions, the more serious is the statute of limitations problem under CPLR 213 (2), which provides that the statute of limitations for a breach of contract is six years.
Mr. Young, an attorney, was a member of the club’s Board of Governors and chaired its legal committee. He became a member of the Woodcrest Club on or about June 1, 1989. Defendant Weinstein became a member of the club on or about June 1, 1990. Mr. Young evidently paid $25,000 as an initiation fee, while Dr. Weinstein paid $15,000. Both plaintiffs claim that at the time of joining, and as a condition precedent, they were promised that should the initiation fee be reduced within two years of their initial membership they would receive a credit. The amount of the credit is unclear from the moving papers and from the pleadings.
Both plaintiffs resigned their memberships on October 1, 1995 and demanded a refund of their balance in reimbursement of the moneys owed. It is alleged that the fee was, in fact, reduced and that the plaintiffs did not receive the credit as promised.
Both plaintiffs claim that part of the initiation fee was referred to as a “bond” and claim that it was refundable upon resignation from the club.
It is clear that the separating of the two causes of action into claims of $15,000 and $2,500, respectively, is done simply to avoid the jurisdictional limit of this Court. However, the defendants in their affirmation in opposition indicate that they are willing to amend the ad damnum clause of the first cause of action to $12,500. The Court will grant that application, thereby bringing the amounts within this Court’s jurisdiction.
The plaintiffs contend that a cause of action did not arise as of the dates of their admission to the club, but as of the date of their resignations.
*708 The process, as described by the plaintiffs, was that the Woodcrest Club had a committee, known as the Board of Governors, which kept a long rolling list of members and former members who were to receive refunds of their bonds. The practice of the club was to issue a limited number of refunds and credits each year whether related to bonds or other claims. As some of these claims were paid, the others on the list moved closer to the top. Thus, it appears it could take years to reach the top and thus receive a credit or refund.
While there has been no discovery taken in this case, it would appear that the plaintiffs’ names were placed on the list at the time of their resignation on October 1, 1995. Demand has been made both orally and in writing but no payment or explanation for nonpayment has been forthcoming. Therefore, on the facts as before the Court at the present time the statute of limitations applying to contracts, that is six years, would not expire until October 1, 2001. Since this suit was commenced considerably before that period, that is May 10, 2000, they are well within the statute.
Although there do not appear to be any cases directly on point, this is clearly a breach of contract case in which the six-year statute would apply. On the record now before this Court, the statute would begin to run no sooner than the date of the plaintiffs’ resignation. The law in New York is well settled that the statutory period of limitations begins to run when the liabilities for the wrong have risen. (Guild v Hopkins, 271 App Div 234, affd 297 NY 477 [1947].)
The rule, enunciated 90 years ago in Ga Nun v Palmer (202 NY 483 [1911]), is that the right of action does not accrue upon a contract until it is executed or payment thereunder becomes due by its terms, and that statute of limitations does not commence to rim until that event happens.
Here, the terms are at best somewhat vague in that the plaintiffs’ names were placed on a “rolling list” and would simply have to wait their turn to receive their money. Clearly, this would not happen until after they resigned.
Similarly, the doctrine of continuous representation can be applied to toll the statute of limitations. In the present instance, the plaintiffs’ claim that they were continuously reassured by the Board of Governors of the club that the claim would be paid. (See, Ackerman v Price Waterhouse, 252 AD2d 179.)
*709 Therefore, based on the foregoing, the defendant’s motion is denied.